UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BENJAMIN MONDRAGON, | ) Case No.: 5:18-cv-408 |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT |
| CREDIT ONE BANK, N.A. | ) |
| Defendant. | ) |

Plaintiff, Benjamin Mondragon, (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (hereinafter "TCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367 and 47 U. S. C. §§227(b)(3), (c)(5). Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in San Antonio, Texas.

4. Defendant is a bank conducting business within the State of Texas with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

## FACTUAL STATEMENT

5. Defendant has engaged in a course of activity intent on the collection of a debt derived from an issued credit card.

6. To this end, Defendant has made calls to Plaintiff's cellular phone.

7. When Plaintiff would answer the calls, he would hear a prolonged delay. Sometimes a person would pick up, other times the line would go dead.

8. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

9. On or about April 1, 2016, Plaintiff explicitly told Defendant to stop calling him on his cell phone. Thereafter, Plaintiff told Defendant to stop calling him additional times.

10. Despite this, Defendant continued to call Plaintiff approximately thirty (30) times thereafter.

11. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

12. Defendant was knowledgeable of the fact that the calls were being placed to a cellular device.

13. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

14.     As a result of the continuous calls to Plaintiff, Defendant violated Plaintiff's privacy rights.

15.     Further, the continuous calls to Plaintiff were abusive in nature, and would often leave Plaintiff checking his phone frequently, wasting valuable time and draining Plaintiff's battery.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

16.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 above and incorporates them as if set forth specifically herein.

17.     Plaintiff never provided consent to receive calls from Defendant, and even revoked consent on at least one occasion.  Despite this, Defendant made approximately thirty (30) auto dialed calls to Plaintiff's cellular phone.

18.     Defendant's actions constitute approximately thirty (30) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to Defendant's behavior.

19.     Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

**COUNT II**
**INVASION OF PRIVACY—INTRUSION UPON SECLUSION**

20.     Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

21.     Defendant's outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

22. Defendant intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

23. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

24. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

26. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

28. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligence.

29. Defendant negligently inflicted emotional distress.

30. Defendant breached a duty imposed and failed to exercise ordinary care.

31. Defendant owed Plaintiff a duty to refrain from unlawful debt collections, unlawful telephone conduct, and a duty to abide by the Telephone Consumer Protection Act.

32. The breach of such duty proximately caused injury to Plaintiff.

33. The injury resulted from an occurrence the nature of which these statutes and rights were designed to protect Plaintiff from.

34. Plaintiff is a member of the class of persons the statutes were designed to protect.

35. Defendant's conduct, as described herein, was wrongful conduct in that the Defendant conducted their business in an abusive, oppressive, and harassing manner.

36. Further, Defendant negligently trained, supervised, and retained, its employees and agents.

37. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendant's wrongful conduct has caused harm as described above.

38. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

40. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

41. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

42. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount to be determined at trial.

44. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT V
## VIOLATION OF TEXAS FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

46. Plaintiff is a consumer as defined by Tex. Fin. Code § 392.001.

47. Defendant is a debt collector as defined by Tex. Fin. Code § 392.001.

48. During the course of its collection attempts, Defendant has caused Plaintiff's phone to ring repeatedly with intent to harass Plaintiff into paying the debt in violation of Tex. Fin. Code § 392.302.

WHEREFORE, Plaintiff seeks actual damages, attorney's fees, costs, interest, and such other and further relief as may be just and proper.

Dated:   May 2, 2018
         Clifton, New Jersey

/s/ Daniel Zemel_____
Daniel Zemel, Esq.
**Zemel Law LLC**
1373 Broad Street, Suite 230-C
Clifton, NJ 07013
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff